

The government not only had to answer the arguments made by the defense, but it had to attempt to rehabilitate this witness after the defense attacked his credibility. The comment of government counsel focused on the credibility of Jackson and did not emphasize appellant's failure to testify. We find that this comment did not constitute plain error and that it was not prejudicial to the appellant. Rule 52(b), Fed.R.Crim. P.

The jury was subsequently instructed by the District Court in its charge that a defendant did not have to take the witness stand and testify and that no presumption of guilt or inference of any kind may be drawn from the failure of a defendant to testify. To the extent that the government argument might be construed as a reminder that the defendant failed to testify, the Court's instruction provided sufficient correction and minimized the risk of inferring guilt from such a failure to testify. See United States v. Heithaus, 377 F.2d at 486.

Affirmed.

Gerald L. Burrows, Atlanta, Ga., for appellant.

John W. Stokes, Jr., U. S. Atty., Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

**PER CURIAM:**

Affirmed. See Local Rule 21.[1]

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert E. FIELD, Defendant-Appellant.**

No. 28872
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 17, 1970.

**UNITED STATES of America ex rel.
Samuel BROWN, Appellant,**

v.

**Mr. Edward J. HENDRICK, Supt. of
Phila. Prison, Appellee.**

No. 18078.

United States Court of Appeals,
Third Circuit.

Argued June 23, 1970.

Decided Sept. 22, 1970.
Rehearing Denied Oct. 23, 1970.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I.

1. *See* NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).